IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SCHWARTZ | : | CIVIL ACTION |
| *Plaintiff-pro se* | : | |
| | : | NO. 17-3799 |
| v. | : | |
| | : | |
| APRIL TAYLOR, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                              JANUARY 29, 2018

# MEMORANDUM OPINION

## INTRODUCTION

Presently before this Court is the *motion to dismiss* filed by Defendant Rocco Cipparone, Jr., Esquire ("Defendant Cipparone"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), in which he seeks the dismissal of all of the state law claims asserted against him by Plaintiff Steven Schwartz ("Plaintiff"). [ECF 2]. Plaintiff has not filed a response, though the time for doing so has passed.[1] The issues raised in the motion to dismiss are now ripe for disposition. For the reasons stated herein, Defendant Cipparone's motion to dismiss is granted.

## BACKGROUND

Plaintiff commenced this matter in the Montgomery County Court of Common Pleas by filing a praecipe for summons on June 6, 2017. Following the filing of a Rule upon Plaintiff to file a complaint, Plaintiff filed his complaint on August 10, 2017. Defendant Cipparone removed the state court action to this Court on August 23, 2017, on the basis of diversity jurisdiction. [ECF 1].

---

[1] Plaintiff was given two extensions of time (providing four additional months) in which to respond to Defendant's motion to dismiss. [*See* ECF 5, 11].

In the complaint, Plaintiff asserts five claims against Defendant Cipparone for negligent misrepresentation, fraud, spoliation, civil conspiracy, and neglect to prevent conspiracy. Plaintiff also asserted similar claims, and others, against April Taylor ("Taylor").[2] As described in the factual summary below, all of the claims are premised upon Plaintiff's allegations that Defendants Cipparone and Taylor engaged in a conspiracy to frame Plaintiff for various federal criminal charges for which he was convicted, manufactured false evidence against Plaintiff, and withheld exculpatory evidence.

Defendant Cipparone filed the underlying motion to dismiss and argues that all of Plaintiff's claims, as pled, are barred by the applicable statute of limitation. [ECF 2]. When ruling on Defendant Cipparone's motion to dismiss, this Court must accept, as true, all relevant and pertinent factual allegations in the complaint and construe these facts in the light most favorable to Plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The salient allegations of the complaint are summarized as follows:

> Plaintiff alleges that "[a]t some point in time," federal prosecutors subpoenaed Taylor to appear in Philadelphia, and the Government provided Taylor an attorney, Defendant Cipparone, to represent her. According to Plaintiff, Defendant Cipparone, as Taylor's attorney, persuaded Taylor to lie to the federal prosecutors and claim that she did not steal $246,500 from Plaintiff, but merely siphoned off a few thousand dollars to support a crack cocaine habit. Plaintiff alleges that Defendant Cipparone engaged in this conduct for his own interest and to enhance his standing with the federal government by seeking and obtaining an indictment against Plaintiff.
>
> Plaintiff further alleges that during the pretrial process, in the matter *United States v. Steven Allen Schwartz*, 03-cr-0035,[3] Defendant Cipparone

---

[2] Taylor has not yet entered an appearance in this matter. From a review of the docket, it is unclear whether Taylor has been properly served.

[3] "In deciding a motion to dismiss, a court may consider documents outside of the complaint, such as matters of public record, court orders, and documents that form the basis of the claim." *Walthour v. Miller*, 2010 WL 2572656, at *5 (E.D. Pa. June 22, 2010) (allowing consideration of a state court docket in adjudicating a motion to dismiss) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004));

represented to Plaintiff, through Plaintiff's attorney, Mark Cedrone, Esquire, that Taylor would provide Plaintiff assistance in his defense. Plaintiff claims he relied upon Defendant Cipparone's representations in this regard in preparing his defense. Neither Taylor nor Defendant Cipparone ever provided any such assistance. Plaintiff also alleges that Defendant Cipparone was in possession of *Brady* material that would have exonerated Plaintiff, but conspired with Taylor to conceal the exonerating evidence. Plaintiff claims he was wrongfully convicted as a result. As reflected in publicly available records pertaining to Plaintiff's criminal matter, Plaintiff was sentenced on July 26, 2005.

**LEGAL STANDARD**

A court may grant a motion to dismiss an action under Rule 12(b)(6) if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11. The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief: it must "show such an entitlement with its facts." *Id.* (citations omitted).

To determine the sufficiency of a complaint, "a court . . . must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must identify allegations that are merely legal conclusions "because they . . .

---

*see also McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) ("In addition to the complaint itself, the court can review documents attached to the complaint and matters of public record."). Because the docket and documents filed in Plaintiff's federal criminal action are public record documents and are relevant to the adjudication of the pending motion to dismiss, this Court can, and did, consider them. The docket entries in the federal criminal matter cited in Plaintiff's complaint reveal that Plaintiff was indicted for various criminal charges, including conspiracy to commit bank and wire fraud, convicted by a jury on several of the charges on April 22, 2005, and sentenced on July 26, 2005.

3

are not entitled to the assumption of truth." *Id.* While a complaint need not assert detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

A court may determine that a complaint's factual allegations are plausible if the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly*, 809 F.3d at 786 (citations omitted). Reviewing the plausibility of the complaint is a "context-specific" inquiry and requires a court to "draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64.

Though *pro se* filings "must be held to less stringent standards," such filings must contain "sufficient factual matter[,] accepted as true[,] to state a claim to relief that is plausible on its

face." *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) and *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

In his complaint, Plaintiff asserts various state law tort claims against Defendant Cipparone premised upon Defendant Cipparone's alleged conduct before and during the federal criminal proceedings against Plaintiff; *United States v. Schwartz*, 03-cr-0035 (E.D. Pa.). In that criminal matter, Plaintiff was sentenced on July 26, 2005. Based upon this conviction and sentence in 2005, Defendant Cipparone argues that all of Plaintiff's claims are barred by the applicable statutes of limitations. This Court agrees.

Generally, the statute of limitations is an affirmative defense that a defendant must plead in an answer. In this Circuit, however, a statute of limitations defense may be raised in a motion under Rule 12(b)(6) "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson,* 313 F.3d 128, 134–35 (3d Cir. 2002)). A motion to dismiss can only be granted on the basis of a statute of limitations if the statute's applicability is apparent on the face of the complaint. *Robinson*, 313 F.3d at 135; *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994); *Bethel v. Jendoco Constr. Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978) ("If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)."). Because the statute of limitations argument is an affirmative defense, the burden of establishing its applicability rests upon the movant, here Defendant Cipparone. *See* Fed. R. Civ. P. 8(c)(1); *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989).

5

Because each of the alleged causes of action asserted against Defendant Cipparone arose in Pennsylvania, the law of Pennsylvania applies. *See*, *e.g.*, *Zurich Am. Ins. Co. v. Indian Harbor Ins. Co.*, 235 F. Supp. 3d 690, 695 (E.D. Pa. 2017) (applying Pennsylvania law in diversity case); *Caleb v. CRST, Inc.*, 2001 WL 438420, at *2 (E.D. Pa. Apr. 30, 2001) (applying Pennsylvania law and statute of limitations in diversity action). As stated, Plaintiff asserts claims for negligent misrepresentation, fraud, civil conspiracy, and negligence to prevent conspiracy. Each of these claims is subject to Pennsylvania's two-year statute of limitations. *See* 42 Pa. Con. Stat. §§5524(2), 5524(7); *see also Sarpolis v. Tereshko*, 26 F. Supp.3d 407, 419 (E.D. Pa. 2014) (holding that statute of limitations for civil conspiracy is the same as the statute for alleged underlying tort).

Under Pennsylvania law, a cause of action accrues, and the statute of limitations begins to run, when a plaintiff is aware, or should be aware, of the existence and source of the injury. *Pocono Intern. Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983). A cause of action generally accrues when the final significant event that would make the claim sustainable occurs. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985).

As set forth above, all of the claims asserted against Defendant Cipparone are premised on Plaintiff's allegations that Defendant Cipparone conspired with others before and during Plaintiff's criminal proceedings, which ended with Plaintiff's sentencing on July 26, 2005. Specifically, Plaintiff alleges that Defendant Cipparone conspired with others during that time to frame Plaintiff for, and to withhold evidence that might exonerate Plaintiff from, the criminal charges on which he was eventually convicted. Plaintiff also alleges that during that time period, Defendant Cipparone falsely represented that Taylor, his client, would provide helpful information and assistance to support Plaintiff's defense, but did just the opposite. Plaintiff

6

contends that this conduct caused his wrongful conviction. All of these allegations, however, occurred in 2005 and were either known or reasonably knowable to Plaintiff by no later than the conclusion of his criminal proceedings on July 26, 2005. As such, the applicable two year statute of limitations expired on Plaintiff's asserted claims on July 26, 2007. Because Plaintiff did not commence this action until June 6, 2017 (nearly ten years after the statutes' expiration), the claims are time-barred.

Plaintiff also purports to assert a claim for spoliation. Under Pennsylvania law, there is no such cause of action. *Elias v. Lancaster Gen. Hosp.*, 710 A.2d 65, 68 (Pa. Super. Ct. 1998). As such, Plaintiff's claim for spoliation asserted at count six of Plaintiff's complaint is dismissed.

**CONCLUSION**

For the reasons stated herein, Defendant's motion to dismiss is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.