## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SCHWARTZ, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| | : | |
| v. | : | No. 17-3799 |
| | : | |
| | : | |
| APRIL TAYLOR, *et al.*, | : | |
| *Defendants.* | : | |

### MEMORANDUM

Kenney, J.                                                                March 11, 2021

     This suit arises from a federal criminal proceeding, which placed Plaintiff Steven Schwarz behind bars in 2005. Plaintiff maintains that the defendants in this case conspired to frame him for the various federal criminal charges for which he was convicted, manufactured false evidence against him, and withheld exculpatory evidence. Proceeding *pro se*, Steven Schwartz seeks to recover damages from the various individuals he alleges are liable to him for his conviction and lengthy incarceration. Defendant Jeffrey Zucker moves for summary judgment on the grounds that Plaintiff's claims are time-barred. For the reasons below, we will grant Defendant's Motion for Summary Judgment because Plaintiff failed to assert his claims within the applicable two-year statute of limitations.

## I.      FACTS AND BACKGROUND

     On August 10, 2017, Plaintiff Steven Schwartz ("Schwartz") filed a complaint against Defendants April Taylor and Rocco Cipparone Jr. in the Montgomery County Court of Common Pleas. Defendant Rocco Cipparone removed the action to federal court under our diversity

jurisdiction. *See* ECF No. 1.[1] On August 27, 2018, Schwartz filed an amended complaint adding Defendants Linda Lane, Jon Ludlam, and Jeffrey Zucker. *See* ECF No. 27. The Honorable Nitza I. Quiñones Alejandro dismissed all claims against Rocco Cipparone, *see* ECF No. 13, all claims against Linda Lane, *see* ECF No. 36, and all claims against Jon Ludlam, *see* ECF No. 43, as time-barred by the applicable two-year statute of limitations.[2]

Schwartz's amended complaint asserts various state law claims against Defendant Jeffrey Zucker ("Zucker") premised on Zucker's alleged conduct before and during the federal criminal proceedings against Schwartz, *United States v. Schwartz*, 03-cr-0035 (E.D. Pa.). The Honorable Stewart Dalzell sentenced Schwartz on July 26, 2005 after a trial and a conviction.

Zucker is a criminal defense attorney in Camden, New Jersey. He represented a client, Winston Ludlam, whose father, since-dismissed defendant Jon Ludlam, testified against Schwartz in the criminal proceeding before Judge Dalzell. *See* ECF No. 72 at 13–30. Schwartz asserts three claims against Zucker for spoliation, civil conspiracy, and neglect to prevent conspiracy under Pennsylvania law. *See* Am. Compl., ECF No. 27. Schwartz asserts that Zucker, "directed, operated and executed a scheme to rig judicial proceedings." *See id.* at ¶ 145; Def. Summ. J. Br., ECF No. 71-1 at 1. He asserts that Zucker, and the other defendants, destroyed and concealed documents that would have exonerated him in the federal criminal proceedings, and continues to withhold exculpatory evidence in his possession. *See id.* at ¶¶ 212–221.

---

[1] This matter was reassigned from the Honorable Nitza I. Quiñones Alejandro to the Honorable Chad F. Kenney on November 6, 2019. *See* ECF No. 47.

[2] Defendant April Taylor has not entered an appearance in this matter. The Clerk of Court entered default against her under Fed. R. Civ. P. 55(a) on July 13, 2020. Schwartz then filed a "Praecipe for Default Judgment" seeking $496,500 from her. *See* ECF No. 61. As Schwartz's claim was not a sum certain that could be made by computation under Rule 55(b)(1),  we construed his Praecipe under Rule 55(b)(2) and scheduled a hearing to be held in conjunction with the date certain trial. *See* ECF No. 62.

Specifically, Schwartz asserts, after a series of proffer sessions with the government in 2002, Zucker negotiated an immunity agreement for Jon Ludlam in exchange for Ludlam's testimony against Schwartz. ECF No. 72 at 6; ECF No. 71-4, Ex. B. at 4. Ludlam signed the immunity agreement on January 9, 2003. *See* ECF No. 71-8, Ex. F. Schwartz cross-examined Ludlam regarding Zucker's presence at the 2002 proffer sessions during his 2005 jury trial. *See* ECF No. 72 at 17, 27–29.

On November 12, 2019, Zucker filed an answer to Schwartz's amended complaint raising the statutes of limitations as affirmative defenses. *See* ECF No. 51. On November 3, 2020 we issued an amended scheduling order setting the deadline for dispositive motions as February 4, 2021. On December 4, 2020, Zucker filed the instant Amended Motion for Summary Judgment ("Amended Motion"), arguing that Schwartz's claims against him are time-barred. *See* ECF No. 71.

Though Schwartz's response was due on December 30, 2020, we gave him an additional twenty-one days to respond. *See* Notice, ECF No. 78. On January 4, 2021, Schwartz requested an extension to the discovery period, arguing that he required additional time to investigate "equitable tolling issues" to incorporate into his response to the Amended Motion. *See* ECF No. 79. His request also sought additional time to conduct discovery on the government seeking "information needed to amend Plaintiff's complaint and to establish equitable tolling applies." *Id.* We denied his request for an extension to the discovery period. *See* ECF No. 80.

Schwartz then faxed a letter to our chambers requesting an extension for his response to Zucker's Amended Motion, which we granted, requiring him to respond on or by February 19, 2021. *See* ECF No. 83. As of this filing, Schwartz has not opposed Zucker's Amended Motion. *See Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that an

unopposed summary judgment may only be granted when the moving party shows that it is entitled to a judgment as a matter of law).[3]

## II.      LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *See* Fed R. Civ. P. 56(a). The moving party bears the initial burden of proving a lack of any genuine issues of material fact. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 & n. 10 (1986). The nonmoving party must then "come forward with specific facts showing there is a genuine issue for trial." *Id.* (internal citations and quotation marks omitted). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

All facts "should be viewed in the light most favorable to the non-moving party, with all reasonable inferences [drawn] in that party's favor." *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 2988 (3d Cir. 2018) (quoting *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006) (internal quotation marks omitted)). Summary judgment is warranted where the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential

---

[3] Though Zucker did not file a joint statement of undisputed material facts as required by our policies, *see* Guidelines for Counsel at II.C.5., we note the likely futility of any attempts to do so given what appears to be an acrimonious relationship between the parties. *See, e.g.*, ECF No. 81, Plaintiff's Letter (explaining that "Zucker and his team of attorneys wish to cause personal embarrassment to me…").

element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* (internal citations and quotation marks omitted).

III.     **ANALYSIS**

Schwartz sued Zucker for spoliation, civil conspiracy, and neglect to prevent conspiracy. Zucker moves for summary judgment, arguing Schwartz's claims fail as a matter of law. We will grant Zucker's Amended Motion as to Schwartz's spoliation claim because no cause of action for spoliation exists under Pennsylvania law. We will grant the Amended Motion as to the civil conspiracy and neglect to prevent conspiracy claims because they are barred by the applicable statutes of limitations.

A.  **We dismiss Schwartz's spoliation claim.**

Schwartz's Count VII asserts a claim for spoliation. However, no separate cause of action for spoliation exists under Pennsylvania law. *Turturro v. United States*, 43 F. Supp. 3d 434, 459 (E.D. Pa. 2014), *aff'd*, No. 14-3834, 2015 WL 5915897 (3d Cir. Oct. 9, 2015) (citing *Pyeritz v. Pennsylvania*, 32 A.3d 687, 695 (Pa. 2011)). As no cause of action for spoliation exists, we will grant Zucker's motion for summary judgment on Schwartz's spoliation claim.

B.  **We dismiss Schwartz's civil conspiracy claim.**

As a court sitting in diversity, we must apply the substantive laws of our forum state, which includes state statutes of limitations. *Stephens v. Clash*, 796 F.3d 281, 289 (3d Cir. 2015). Accordingly, we apply Pennsylvania law to determine the applicable statutes of limitation.

To prove a civil conspiracy claim, Schwartz must demonstrate (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage. *Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. 2008) (citation omitted).

Proof of malice, or intent to injure, is essential. *Lackner v. Glosser*, 892 A.2d 21, 35 (Pa. Super. 2006) (citation omitted). The statute of limitations for civil conspiracy is identical to the statute of limitations for the underlying substantive offense. *Harry Miller Corp. v. Mancuso Chemicals Ltd.*, 469 F. Supp. 2d 303, 318 (E.D. Pa. 2007).

Pennsylvania favors strict application of statutes of limitation. *1 Downey v. First Indem. Ins.*, 214 F. Supp. 3d 414, 429 (E.D. Pa. 2016) (quotation omitted). The statute of limitations begins to run as soon as the right to institute and maintain a suit arises, though the "discovery rule" may toll the limitations period if the injury alleged "was not readily ascertainable at the time of the breach." *Id*. (quoting *Knopick v. Connelly*, 639 F.3d 600, 607 (3d Cir. 2011) ). " 'Where the discovery rule does apply, [a limitations period] begins to run where the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and its cause.' " *Id*. (quoting *Knopick*, 639 F.3d at 607). Though ascertaining the moment in time when the injured party should reasonably be aware that he suffered an injury is generally an issue of fact, "where the facts are so clear that reasonable minds cannot differ [ ] the commencement of the limitation period [may] be determined as a matter of law." *Knopick*, 639 F.3d at 611.

Schwartz does not identify the underlying claim forming the basis of his conspiracy claim. He alleges Zucker, along with several non-parties, conspired to "destroy documents and/or fraudulently conceal documents and to keep information." Am. Compl. ¶ 223. Having dismissed Schwartz's spoliation claim because no cause of action for spoliation exists under Pennsylvania law, it cannot form the basis for Schwartz's civil conspiracy claim. He also alleges Zucker "intentionally, knowingly and recklessly participated in said conspiracy to obstruct justice, rig judicial proceedings, keep lawful monies away from Plaintiff that are due and owing, interfere with collection efforts, to keep Plaintiff in jail illegally and to deny Plaintiff his post-conviction

rights." *Id*. at ¶ 224. To the extent these claims sound in tort, as Zucker argues, the applicable statute of limitations under Pennsylvania law is two years for a variety of specific torts and "[a]ny other action ... to recover damages for injury ... which is founded on negligent, intentional, or otherwise tortious conduct." 42 Pa. C.S.A. § 5524(7); *see also* Def. Br. Summ. J., ECF No. 71-1 at 3.

Here, the facts are so clear that reasonable minds cannot differ and we may determine the commencement of the limitation period as a matter of law. *Knopick*, 639 F.3d at 611. At the absolute latest, the statute of limitations was triggered on April 7, 2005, when Schwartz cross-examined Ludlam regarding Zucker's role in Ludlam's immunity agreement, indicating his belief that he suffered an injury. *See* ECF No. 72 at 13. Schwartz amended his complaint to add Zucker as a defendant on August 17, 2018. *See* ECF No. 27. Thus, the two-year statute of limitations on Schwartz's claims ran on April 7, 2007, which is over eleven years before Schwartz filed his complaint against Zucker.

Other than his claims that he is entitled to equitable tolling, Schwartz has not advanced any argument for tolling the running of the statute of limitations. The federal doctrine of "equitable tolling stops the statute of limitations from running when the date on which the claim accrued has already passed." *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000) (citation omitted). Equitable tolling is appropriate where: (1) a defendant actively misleads a plaintiff with respect to his cause of action; (2) the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Id*. at 370 n.9. Schwartz is an experienced pro se litigant who was not misled or prevented from asserting his claims in a diligent fashion; any bald assertions he makes of a "cover-up" are an insufficient basis for tolling the limitations period. Should Schwartz cite his

incarceration as grounds for tolling, Pennsylvania law is clear that imprisonment does not extend the statute of limitations. *See* 42 Pa. C.S.A § 5533. We accordingly grant summary judgment in Jeffrey Zucker's favor on Schwartz's conspiracy claim because he did not timely file.[4]

### C.  We dismiss Schwartz's neglect to prevent conspiracy claim.

Schwartz's Count IX asserts a claim for "neglect to prevent conspiracy." Given his allegations that as a member of the Bar of the State of New Jersey, Zucker had a duty to prevent conspiratorial acts, which he neglected to do, we construe this claim as sounding in tort. *See* Am. Compl. ¶¶ 228–229. Here too, a two-year statute of limitations applies, 42 Pa. C.S.A. § 5524(7), and the statute of limitations was triggered on April 7, 2005 when Schwartz cross-examined Ludlam regarding Zucker's role in Ludlam's immunity agreement. Thus, the two-year statute of limitations ran on April 7, 2007, and Schwartz's neglect to prevent conspiracy claim was not timely filed. As we explained with regards to Schwartz's conspiracy claim, we see no grounds for tolling the applicable statute of limitations. Accordingly, we grant summary judgment on Schwartz's neglect to prevent conspiracy claim because it was not timely filed.[5]

## IV.     CONCLUSION

---

[4] As to the merits of his claim, even construing his allegations liberally, Schwartz points to no factual details or evidence of the specific elements of civil conspiracy, like the existence of a common purpose between Zucker and other parties or a particular intent to injure Schwartz. *See Zilich v. Lucht*, 981 F.2d 694, 696 (3d Cir.1992) (noting that despite liberal construction of the complaint, pro se plaintiff "still has before him the formidable task of avoiding summary judgment by producing evidence 'such that a reasonable jury could return a verdict for [him].'")

[5] As to the merits of his claim, even construing his allegations liberally, Schwartz points to no factual details or evidence of the specific elements of a negligence claim, like that Zucker owed him a duty of care. *See Abuhouran v. United States*, 595 F. Supp. 2d 588, 594 (E.D. Pa. 2009), *aff'd*, 389 F. App'x 179 (3d Cir. 2010) (identifying the elements of a negligence claim under Pennsylvania law). Zucker asserts that he "never represented, never advised, never provided legal services, never provided any professional service for or on behalf of [Steven Schwartz]". ECF No. 71-1 at 4. Schwartz points to no facts or evidence to suggest otherwise.

We grant Jeffrey Zucker's motion for summary judgment as to Steven Schwartz's spoliation, civil conspiracy, and neglect to prevent conspiracy claims. An appropriate order follows.