**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN SCHWARTZ, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| APRIL TAYLOR, et al., | : | |
| *Defendant*. | : | No. 17-3799 |

**MEMORANDUM**

Kenney, J.                                                                     **October 15, 2021**

Plaintiff Steven Schwartz ("Schwartz") asserts six causes of action against Defendant April

Taylor ("Taylor"). This matter comes before us on Plaintiff's Praecipe to Enter Default Judgment

Against Defendant April R. Taylor (ECF No. 61). Schwartz properly served Taylor, but she has

not appeared or otherwise responded to any filings. The Clerk of Court entered default on July 13,

2020, and Schwartz now asks that we grant default judgment. We asked Schwartz to explain why

the Court should not deny his praecipe for default judgment (ECF No. 96), and Schwartz responded

with several filings (ECF Nos. 97–99).

Schwartz asserts theft by deception, breach of contract, fraud, breach of fiduciary duty,

fraudulent concealment and spoliation, and civil conspiracy claims against Taylor. *See* Am.

Compl., ECF No. 27. For the reasons set forth below, we will enter default judgment and award

$0 in damages.

## I.      **BACKGROUND**[1]

Schwartz operated 21st Limited, Yorkshire Group, and BAMM investment funds. ECF No.

1, Ex. A ¶ 5. Taylor, who lived with Schwartz for a substantial period, had access to the investment

funds' account statements. *Id.* at ¶ 23. Schwartz alleges that between April and July of 2000, he

entrusted Taylor with $145,000 and an additional $100,000. *Id.* at ¶¶ 25–28, 56. Schwartz further

---

[1] Because Taylor never challenged Schwartz's allegations against her, we rely on his filings to recite the relevant facts.

alleges that in December 2000, he entrusted Taylor with $1,500 from his mother's credit card. *Id.* at ¶¶ 28–30. In her deposition, Taylor admitted she used "a few thousand dollars [of the money entrusted to her] to support a crack cocaine habit." *Id.* at ¶ 35; *see also* ECF No. 98, Ex. A at 21 (admitting to using two-thousand dollars that Schwartz provided for her personal use). Schwartz also alleges that he entrusted Taylor with an additional $250,000 in investment capital in an account held at Quick & Reilly. ECF No. 98 ¶¶ 131–32. Schwartz claims that Taylor either "lost" or "absconded" with the funds. *Id.* at ¶ 191–92. Schwartz has lost and is unable to provide any Quick & Reilly files. *Id.* at 1.

On August 27, 2018, Schwartz filed an Amended Complaint alleging six counts against Taylor: theft by deception, breach of contract, fraud, breach of fiduciary duty, fraudulent concealment and spoliation, and civil conspiracy. Am. Compl., ECF No. 27 ¶¶ 178–226. Taylor did not file a responsive pleading or otherwise appear. The Clerk of Court entered default on July 13, 2020, and Schwartz now asks for a default judgment.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(b)(2), we may enter a default judgment against a party when the Clerk of Court has entered default. First, we must determine whether the "unchallenged facts constitute a legitimate cause of action." *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (citation omitted). Next, we must consider: (1) whether the defendant appears to have a litigable defense; (2) prejudice to the plaintiff if default judgment is denied; and (3) whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). We accept as true factual allegations made in the complaint, except those as to damages. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005).

III.     **DISCUSSION**

   A.  **Schwartz's unchallenged facts state a legitimate cause of action for fraud, breach of fiduciary duty, and civil conspiracy**

   We must first consider whether the unchallenged facts constitute legitimate causes of action. Schwartz alleges six counts against Taylor: Theft by Deception (Count I), Breach of Contract (Count II), Fraud (Count III), Breach of Fiduciary Duty (Count IV), Fraudulent Concealment and Spoliation (Count VII), and Civil Conspiracy (Count VIII). We address each claim in turn.

   *1.  Theft by Deception (Count I)*

   There is no private right of action for theft by deception, and only the Commonwealth can state a claim under this Pennsylvania statute. *See Malin v. RCN Corp.*, No. 2008-00693, 2009 WL 6340118 (Mont. C.P. 2009); *see also* 18 Pa. Cons. Stat. § 3922. Thus Count I fails to state a legitimate cause of action.

   *2.  Breach of Contract (Count II)*

   Schwartz's second claim is for breach of contract. Under Pennsylvania law, breach of contract requires: (1) the existence of a contract, including its essential terms, (2) a breach of the contract, and (3) damages resulting from that breach. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). To show a valid oral contract, a plaintiff must show: "(1) both parties have manifested an intention to be bound by the terms of the agreement; (2) the terms of the agreement are sufficiently definite to be specifically enforced; and, (3) there is mutuality of consideration." *Ecore Int'l, Inc. v. Downey*, 343 F. Supp. 3d 459, 487 (E.D. Pa. 2018) (quoting *Redick v. Kraft, Inc.*, 745 F. Supp. 296, 300 (E.D. Pa. 1990)). Consideration "confers a benefit upon the promisor or causes a detriment to the promisee and must be an act, forbearance or return promise bargained for and given in exchange

for the original promise." *Traction Tire, LLC v. Total Quality Logistics, LLC*, No. 19-5150, 2020 WL 6044179, at *12 (E.D. Pa. Oct. 9, 2020).

Considering first whether the Amended Complaint shows a valid oral agreement, from Taylor's deposition, it is clear that both parties agree on the existence of an agreement that Taylor would use funds provided by Schwartz for Schwartz's benefit. ECF No. 98 at 20, 22. Even if we construe the Amended Complaint most favorably to Schwartz, we do not find valid consideration. Schwartz alleges that Taylor received several benefits: Taylor worked for Schwartz when she "provided administrative support" for Schwartz's companies, Taylor lived with him, and Taylor was provided for financially. Am. Compl. ¶ 24, Ex. B. Yet, Schwartz does not allege that these benefits were conferred *in exchange* for the bargained for promise to use the funds for his benefit. These alleged benefits may have been provided in exchange for other employment duties. *See George W. Kistler, Inc. v. O'Brien*, 347 A.2d 311, 316 (Pa. 1975) (finding continuing employment was not valid consideration for restrictive covenant but was past consideration). As the Amended Complaint does not show the existence of valid oral agreement, Count II fails to state a legitimate cause of action for breach of contract.

### 3.  Fraud (Count III)

Under Pennsylvania law, a fraud claim requires:

(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

*Gibbs v. Ernst* 647 A.2d 882, 889 (Pa. 1994). Allegations of fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Our Court of Appeals advises that the pleading should include "all of the essential factual background that

would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue." *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (citation omitted).

We find that Schwartz has met this standard. Schwartz alleges the conduct occurred in 2000. Amend Compl. ¶ 80. He alleges Taylor perpetrated the fraud. *Id.* ¶¶ 79–80, 179. Finally, he alleges a specific, material representation: Taylor represented that she would use the funds for Schwartz's benefit but knew that Schwartz was distracted by a lawsuit and instead used the funds for personal use. *Id.* Under *DIRECTV*, we must accept Schwartz's allegations as true and find the Amended Complaint shows a legitimate cause of action for fraud under Pennsylvania law.

### 4. *Breach of Fiduciary Duty (Count IV)*

A fiduciary duty is "the highest duty implied by the law." *Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811, 819 (Pa. 2017) (citation omitted). To establish a breach of fiduciary duty, a plaintiff must show: (1) a fiduciary relationship existed, (2) the fiduciary intentionally failed to act in good faith and solely for the benefit of the plaintiff, (3) the plaintiff suffered an injury, and (4) the intentional failure to act was a real factor in bringing about the injuries. *Conquest v. WMC Mortg. Corp.*, 247 F. Supp. 3d 618, 633 (E.D. Pa. 2017). Although there is no precise formula, a fiduciary relationship exists where one conveys property to another in a confidential relationship with a promise to reconvey the property. *See Silver v. Silver*, 219 A.2d 659, 661 (Pa. 1966); *see also Harold v. McGann*, 406 F. Supp. 2d 562, 571–72 (E.D. Pa. 2005) (explaining that there would be a fiduciary relationship in a business association when "one party surrenders substantial control over some portion of his affairs" or when a preexisting relationship caused one party to place trust in another) (citation omitted). Schwartz alleges that he conveyed $496,500 to Taylor who promised to use "her best judgment" to use the funds for his benefit and at his direction. Am. Compl. ¶¶

185–90. Because Taylor lived with Schwartz for several years, *id.* ¶ 24, their prior relationship may have caused Schwartz to place trust in Taylor who allegedly had substantial, if not complete, control over $496,500. *Id.* ¶¶ 80–84, 131–32. Thus, we find Schwartz adequately alleged a fiduciary relationship existed.

Further, Schwartz alleges that Taylor intentionally failed to act on his behalf by using the funds for her "own personal use." *Id.* ¶ 182. Under *DIRECTV*, we must accept Schwartz's allegations as true and find the Amended Complaint shows a legitimate cause of action for breach of fiduciary duty under Pennsylvania law.

### 5. *Fraudulent Concealment or Spoliation (Count VII)*

Count VII alleges "Fraudulent Concealment or Spoliation." Fraudulent concealment is not a freestanding cause of action but a doctrine that tolls the statute of limitations when the defendant, through fraud or concealment, "causes the plaintiff to relax his vigilance or deviate from the right of inquiry." *Bohus v. Beloff*, 950 F.2d 919, 925 (3d Cir. 1991). The statute of limitations is not at issue here, so we find this doctrine inappropriate at this stage of the analysis. Separately, Count VII fails to show a legitimate cause of action because no separate cause of action for spoliation of evidence exists under Pennsylvania law. *Turturro v. United States*, 43 F. Supp. 3d 434, 459 (E.D. Pa. 2014) (citing *Pyeritz v. Commonwealth*, 32 A.3d 687, 695 (Pa. 2011)).

Although trial courts may impose sanctions on a party who intentionally destroys evidence, we decline to exercise this discretion. *Id.* Spoliation occurs when (1) the evidence was in the party's control; (2) the evidence is relevant to an issue in the case; (3) there has been actual suppression or withholding of evidence; and (4), the duty to preserve the evidence was reasonably foreseeable to the party. *Bull v. UPS*, 665 F.3d 68, 73 (3d Cir. 2012). In *E.D. v. Colonial School District*, the court declined spoliation sanctions when the plaintiff failed to refer to any particular document.

6

No. CV 09-4837, 2017 WL 1207919, at *7 (E.D. Pa. Mar. 31, 2017). The court reasoned that actual suppression was not clear when it could not determine what document the plaintiff alleged was withheld. *Id.*

First, Schwartz generally alleges that Taylor "maintained records that would evidence her thefts." Am. Compl. ¶ 102. Like *Colonial School District*, Schwartz has not pointed to any particular document that Taylor has withheld, so it is not clear that there was actual suppression. Second, Schwartz refers to a file about his Quick & Reilly account but explains that this file was under his control. ECF No. 98 at 1 ("I was unable to locate my file for Quick & Reilly"). Third, Schwartz refers to documents authorizing withdrawals from Legg Mason to 21st Limited, but these transactions are not relevant to Schwartz claims against Taylor. *See* Am. Compl. ¶¶ 50–51. None of Schwartz's allegations of suppression or withholding of evidence satisfy the *Bull* factors, and we decline to impose sanctions.

### 6.  *Civil Conspiracy (Count VIII)*

A civil conspiracy claim requires an underlying tort claim and "two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Adams v. Teamsters Local 115*, 214 F. App'x 167, 172 (3d Cir. 2007) (citation omitted); *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 (3d Cir. 2003).

First, we consider the underlying claim. Fraud and breach of fiduciary duty are sufficient underlying claims for civil conspiracy. *Packer v. Magellan Fin. Corp.*, No. 98-380, 1999 WL 371652, at *5 (E.D. Pa. June 1, 1999). Because we find the Amended Complaint shows legitimate

causes of action for fraud and breach of fiduciary duty under Pennsylvania law, we find an underlying claim for civil conspiracy.

Turning to the remaining elements, Schwartz alleges that Taylor acted in concert with several others to "keep lawful monies away from Plaintiff." Am. Compl. ¶ 224. This allegation shows two or more persons acting in concert, an unlawful act, and damages. Under *DIRECTV*, we must accept Schwartz's allegations as true and find the Amended Complaint shows a legitimate cause of action for civil conspiracy under Pennsylvania law.

### B. Taylor Has Not Demonstrated a Litigable Defense

Having found that Schwartz's unchallenged facts state a legitimate cause of action for fraud, breach of fiduciary duty, and civil conspiracy, we turn to the *Chamberlain* factors. We first consider whether Taylor has a litigable defense.

The litigable defense factor is a threshold issue for entry of a default judgment. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003) (explaining the *Chamberlain* factors are used to determine entry of default judgment); *cf. Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (explaining the *Chamberlain* litigable defense factor is a threshold issue). There would be no purpose to set aside entry of default if a defendant could not show the possibility of winning. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Yet, defendants cannot automatically set aside entry of default and must "allege[] specific facts beyond simple denials or conclusory statements" to permit the court to evaluate whether the defense would be a complete defense if established at trial. *Id.* The defendant does not satisfy this threshold issue when she fails to respond to the complaint. *See Hill*, 69 F. App'x at 52 ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable defense; the second factor was hence inconclusive."); *Bugg v. Just Wing It, LLC*, No. 1:18-CV-

02399, 2020 WL 1675953, at *5 (M.D. Pa. Apr. 6, 2020) (citing *E. Elec. Corp. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 553 (E.D. Pa. 2009)) ("Where a party completely fails to respond to the claims against it, this factor weighs in favor of granting default against the party.").

Here, Taylor has not yet filed an answer because "[Taylor] has made the intentional decision not to file any type of response to either Complaint or Amended Complaint." ECF No. 98 ¶ 25. Her failure to answer renders the litigable defense factor either inconclusive or weighs in favor of granting default judgment. *See Hill*, 69 F. App'x at 52 (explaining the litigable defense factor was inconclusive where defendant failed to answer rendering the district court unable to evaluate the factor); *Bugg*, 2020 WL 1675953, at *5 (explaining the litigable defense factor weighed in favor of default judgment where defendant failed to answer because a defendant that fails to respond is "highly unlikely" to have a litigable defense).

Although we noted that Schwartz's claims may be time-barred by the statute of limitations, ECF No. 96 at 1 n.1, which would be a complete defense if established at trial, *see Cassell v. Phila. Maint. Co.*, 198 F.R.D. 67, 69 (E.D. Pa. 2000), Taylor has not raised this defense. We may not assert this affirmative defense for Taylor to prevent a default judgment against her. *See Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1109 (2019) (explaining a court cannot sua sponte raise affirmative defenses for a party that fails to appear). Given Taylor's failure to answer, and the impermissibility of raising an affirmative defense for Taylor, we consider this factor to be inconclusive.

### C.  Schwartz Would be Prejudiced by a Denial of Default Judgment

Schwartz would suffer prejudice if we denied default judgment. The plaintiff is prejudiced by a denial of default judgment when there has been considerable passage of time, especially when the claim is time-barred by the statute of limitations. *See Hritz v. Woma Corp.*, 732 F.2d 1178,

1182 (3d Cir. 1984); *Bugg*, 2020 WL 1675953, at *4–5. Taylor was properly served, and Schwartz notes that this action has been pending for four years. ECF No. 98 ¶ 23. This is a considerable time. Given that Schwartz's claims are already time-barred, the denial of default judgment would prejudice Schwartz by causing further delay.

### D.  Taylor's Conduct is Culpable

Culpable conduct is "presumed where a defendant fails to respond to a complaint and offers no reason for its failure to engage in the action." *Bugg*, 2020 WL 1675953, at *5 (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Here, Taylor was properly served and made "an intentional decision" not to respond. ECF No. 98 ¶ 25. We thus conclude that her conduct was culpable.

Accordingly, we find that an entry of default judgment on Counts III, IV, and VIII is appropriate.

## IV.  <u>REMEDIES</u>

A plaintiff who prevails by default is not automatically entitled to the requested damages and may still be required to prove that he is entitled to the damages sought. *Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009) (citing *DIRECTV Inc*, 431 F.3d at 165). The moving party "must present sufficiently detailed affidavits to permit the court to apply the appropriate factors in awarding statutory damages." *E. Elec. Corp. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009) (quotation and citation omitted). Courts must inquire whether the party seeking the damages has established the amount with reasonable certainty. *Bricklayers & Allied Craftworkers v. WaterControl Servs., Inc.*, No. 09-3935, 2012 WL 3104437, at *7 (E.D. Pa. July 30, 2012). In conducting this inquiry, courts "ha[ve] considerable latitude in determining the amount of damages" to ensure a basis exists for the damages claimed. *Trickel v. Disc. Gold*

*Brokers, Inc.*, No. 3:14-1916, 2016 WL 4435699, at *6 (M.D. Pa. Jan. 5, 2016). "Reasonable certainty" allows *some* uncertainty, but the amount cannot be "too speculative, vague or contingent upon some unknown factor." *PPG Indus. v. Jiangsu Tie Mao Glass Co.*, No. 2:15-cv-00965, 2021 WL 2327509, at *3 (W.D. Pa. June 8, 2021) (citing *Spector v. Fireman's Fund Ins. Co.*, 451 Fed. App'x 130, 134 (3d Cir. 2011)).

Under Federal Rule of Civil Procedure 55(b)(2), "[t]he court *may* conduct hearings . . . [to] determine the amount of damages." (emphasis added). However, there is no hearing requirement. *Rainey*, 354 F. App'x at 725; *PPG Indus.*, 2021 WL 2327509, at *3 (ruling on a motion for default judgment without a hearing because the parties had two opportunities to discuss damages in supplemental filings). In *Rainey*, our Court of Appeals upheld an award of only nominal damages for a default judgment where the plaintiff failed to explain why he was entitled to damages. *Rainey*, 354 F. App'x at 725. When given the opportunity to file a statement outlining his damages and providing support for those damages, the plaintiff filed only an incoherent statement with a variety of financial statements. *Id.* The district court, affirmed on appeal, found the plaintiff's incoherent statement insufficient to support an award beyond nominal damages. *Id.* As in *Rainey* and *PPG Industries*, we are satisfied that Schwartz had an opportunity to explain his entitlement to damages and we will exercise our discretion and decline to conduct a hearing.

We now explain why Schwartz has not demonstrated his entitlement to any damages in his filings. Schwartz requests $496,500 plus interest continuing to accrue, reasonable attorneys' fees, and exemplary damages. *See* ECF No. 98. As in *Rainey*, we provided Schwartz an opportunity to demonstrate that he is entitled to damages and to provide support for those damages. *See* ECF No. 96. Rather than submitting detailed filings permitting us to determine that a reasonable basis exists for the damages he has requested, Schwartz submitted an incoherent statement that largely

11

reiterates allegations in his Amended Complaint, and a variety of exhibits containing excerpts from Schwartz's criminal trial. ECF Nos. 97–99. Finally, Schwartz admits that his best evidence would be statements from the Quick & Reilly account but claims that he has been "unable to locate" his file after "search[ing] endlessly." ECF No. 98 at 1. Schwartz's representations of what these account statements *would* show if he could find them are insufficient to permit us to assess his damages with "reasonable certainty." Nowhere in this record does Schwartz support the damages he requests. Just as the variety of financial statements were found insufficient in *Rainey*, so too are the out-of-context excerpts provided here. Thus, Schwartz has not established that he is entitled to the damages he claims.

## V.      **CONCLUSION**

For the foregoing reasons, we will enter default judgment against Taylor and award $0 in damages. An appropriate order follows.

Dated: October 15, 2021                                      /s/ Chad F. Kenney

_____

CHAD F. KENNEY, JUDGE