IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SCHWARTZ, *Plaintiff,* | : : : : | CIVIL ACTION |
| v. | : : : | No. 17-3799 |
| APRIL TAYLOR, *et al.*, *Defendants.* | : : | |

## MEMORANDUM

**Kenney, J.**                                                                                               **April 25, 2022**

On October 15, 2021, this Court granted default judgment on behalf of Plaintiff Schwartz against Defendant Taylor in the nominal amount of $0.00 finding that it could not determine any amount of damages with reasonable certainty. ECF No. 103. Subsequently on February 1, 2022, after granting a Motion for Reconsideration[1] filed by Plaintiff Schwartz, this Court held an evidentiary hearing (the "Evidentiary Hearing") to give Plaintiff Schwartz an opportunity to present testimony and evidence in order to fairly reconsider whether any damages could be determined with reasonable certainty. ECF Nos. 103, 108. After the Evidentiary Hearing, on March 21, 2022, this Court reaffirmed its previous entry of default judgment in favor of Plaintiff Schwartz against Defendant Taylor in the amount of $0.00. ECF No. 117. Specifically, the Court found that Plaintiff Schwartz had failed to provide any credible evidence as to the amount of actual loss caused by Defendant Taylor and that therefore it could not determine any amount of damages with reasonable certainty. *See generally* ECF No. 116.

---

[1] On October 22, 2021, this Court received an email from Plaintiff Schwartz, which given his *pro se* status and the request therein to be provided an opportunity to fully present evidence as to his claimed damages against Defendant Taylor, this Court construed as a Motion for Reconsideration as to its default judgment order. *See* ECF Nos. 102, 103.

Plaintiff Schwartz now asks the Court to, once again, reconsider its default judgment.[2] ECF No. 118. For the reasons that follow this Court finds that Plaintiff Schwartz has failed to meet the standards necessary to warrant reconsideration, and that much of his argument for reconsideration hinges on a fundamental misunderstanding of this Court's prior decision. Accordingly, the Court will deny Plaintiff Schwartz's Motion for Reconsideration.

I.  **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure Motions for reconsideration can be brought under Rule 59(e)[3] or Rule 60(b).[4]  "Whether a motion for reconsideration is governed by Rule 59(e) or Rule 60(b) will depend on the date it is filed. If it is filed within the ten-day period set

---

[2] More specifically, Plaintiff Schwartz filed a letter addressed to Chief Judge Sanchez asking for reconsideration of "Judge Kenney's entire Order, or so I propose the following final resolution of this matter as it relates to Ms. Taylor." ECF No. 118. In subsequent letters, also filed on the docket, (*see* ECF Nos. 119, 120) Plaintiff Schwartz refers to the April 18, 2022 letter (ECF No. 118) as a Rule 59(e) Motion. *See* ECF No. 120 at 1 ("It is my belief, I filed a timely Rule 59 (e) motion."). As explained in more detail below, Plaintiff Schwartz did not file his stated Rule 59(e) Motion within the statutory ten-day period allowed, so the Court, instead, construes the Motion as a Rule 60(b) Motion for Reconsideration.

[3] "A proper motion for reconsideration under Rule 59(e) must rely on one of three grounds: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Hamilton v. Horwitz*, No. 10CV0480, 2010 WL 4456908, at *2 (W.D. Pa. Nov. 1, 2010).

[4] Motions for reconsideration can also be brought under Rule 60(a), however, that provision is inapplicable here, as Rule 60(a) provides for relief from a judgment or order based on clerical mistakes and Plaintiff Schwartz does not propose the Court made any clerical errors. Fed. R. Civ. P. 60(a). By contrast, under Rule 60(b), the "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60.

for Rule 59(e) motions, reconsideration will be addressed under Rule 59(e)." *Hamilton v. Horwitz*, No. 10CV0480, 2010 WL 4456908, at *2 (W.D. Pa. Nov. 1, 2010) (citing *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir.2007); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir.2006)).

In the present case, Plaintiff Schwartz filed his Motion for Reconsideration on April 18, 2022, approximately 28 days after default judgment had been entered on his behalf on March 21, 2022. *See* ECF Nos. 117, 118. Plaintiff Schwartz categorizes his Motion for Reconsideration as a 59(e) Motion (*see* ECF No. 119 at 1; *see also* ECF No. 20), however, a motion to alter or amend a judgment under Rule 59(e) must be filed within ten (10) days of the entry of judgment and "the ten (10) day time period may not be extended by the trial court and cannot be circumvented regardless of excuse…" *Stradley v. Cortez*, 518 F.2d 488, 492 (3d Cir. 1975) (internal quotations and citations omitted). Accordingly, to the extent Plaintiff Schwartz's Motion for Reconsideration is brought pursuant to Rule 59(e), this Court finds it is time-barred. Though given Plaintiff Schwartz's pro se status and this Court's commitment to ensuring fair access to the courts, this Court will consider Plaintiff Schwartz's Motion for Reconsideration pursuant to Rule 60(b).

Under Rule 60(b), the "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an

3

earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60.

In the present case and as addressed in more detail below, Plaintiff Schwartz's Motion for Reconsideration can construed as being be brought under Rule 60(b)(1), Rule 60(b)(2), or Rule 60(b)(6).

"Rule 60(b)(1) is concerned with mistakes of a substantive nature." *Stradley*, 518 F.2d at 493. There is, however, some ambiguity within the Third Circuit whether a Rule 60(b)(1) includes "legal error" within its meaning of "mistake." *Singleton v. Beadle*, 839 F. App'x 671, 673 (3d Cir. 2021) (citing *Page v. Schweiker*, 786 F.2d 150, 154 (3d Cir. 1986)); *see also Wirs v. Republican Nat'l Comm.*, No. CV 19-4072, 2021 WL 4477009, at *7 (E.D. Pa. Sept. 30, 2021*)* ("While there is some ambiguity over whether Rule 60(b) motions can ever be used to correct legal error, any exception allowing this kind of reconsideration is narrowly drawn..."). More specifically, "some courts" within the Third Circuit "have held that legal error without more cannot be corrected under Rule 60(b), while other courts have held that legal error may be characterized as 'mistake' within the meaning of Rule 60(b)(1), but only where the motion is made ... within the time allowed for appeal." *Sanders v. Downs*, 622 Fed. Appx. 127, 130 (3d Cir. 2015) (quoting *Page*, 786 F.2d at154-55. In any case, "legal error does not by itself warrant the application of Rule 60(b) ... Since legal error can usually be corrected on appeal, that factor, without more, does not justify the granting of relief." *Byrd v. Beard*, No. CV 91-432, 2019 WL 2106382, at *1 (E.D. Pa. May 13, 2019) (citing *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004)).

Separately, "Rule 60(b)(2) provides for relief in the event of 'newly discovered evidence.' The Third Circuit has interpreted Rule 60(b)(2) to require that the new evidence (1) be

material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Singleton*, 839 F. App'x at 674. The "newly discovered evidence" that would justify relief from judgment under Rule 60(b)(2) must "be evidence of facts in existence at the time of [the movant's] original filing of which he was excusably ignorant." *Lusick v. Lawrence*, 439 F. App'x 97, 99 (3d Cir. 2011); *see also Jackson v. Ivens*, 802 F. App'x 669, 671 (3d Cir. 2020) (finding district court did not err in denying a motion for reconsideration where movant "did not make any new arguments" and attached evidentiary he had forgotten to attach to a prior motion for reconsideration).

Lastly, under the catch-all category, Rule 60(b)(6), "relief is only available in cases evidencing 'extraordinary circumstances[]' [and] since legal error can usually be corrected on appeal, legal error alone fails to justify relief under Rule 60(b)(6)." *Hamilton v. Horwitz*, No. 10CV0480, 2010 WL 4456908, at *2 (W.D. Pa. Nov. 1, 2010) (citing *Pridgen,* 380 F.3d at 728; *see also Morris v. Horn,* 187 F.3d 333, 341 (3d Cir.1999) (stating that "a Rule 60(b)(6) motion may not be used as a substitute for an appeal").

## II. DISCUSSION

Plaintiff Schwartz's Motion for Reconsideration could reasonably be interpreted as being brought under Rule 60(b)(1), Rule 60(b)(2), or Rule 60(b)(6), and upon careful consideration of each of these theories and applicable law, this Court finds that Plaintiff Schwartz's arguments not only fail to meet the relevant Rule 60(b) standards, but also rely on a fundamental misunderstanding of this Court's prior opinion and are thus without merit. *See generally* ECF No. 116.

A full breakdown of Plaintiff Schwartz's claimed damages is provided in this Court's previous Memorandum (ECF No. 116 at 4–13) accompanying its Order Granting Default Judgment (ECF No. 117), however, for purposes of the issues raised in Plaintiff Schwartz's present Motion for Reconsideration the Court finds the following damages allegations relevant.

In addition to various other damages claimed by Plaintiff Schwartz, Plaintiff Schwartz maintained that between April 2000 and June 2000 he entrusted Defendant Taylor with $145,000 which she stole. ECF No. 110 Tr. 42:3–5. According to the testimony presented by Plaintiff Schwartz and his mother, Ms. Eileen Schwartz, at the Evidentiary Hearing, Defendant Taylor was supposed to use that money to place sports bets in Las Vegas at Plaintiff Schwartz's direction, but instead, she absconded with the $145,000 and took it for personal use. *See Id.* Tr. 40:22–25, 63:17–18, 73:2–10, 78:10–12. Separately, Plaintiff Schwartz claimed that Defendant Taylor caused him to lose $250,000 in relation to an alleged broker error involving money he had deposited into a Quick & Reilly account in Defendant Taylor's name. *Id.* Tr. 69:18–70:8.

Plaintiff Schwartz's Motion for Reconsideration focuses primarily on (1) submitting supplemental evidence and argument attempting to prove that he transferred $145,000 to Defendant Taylor between April and June 2000; and (2) submitting evidence and argument attempting to prove the amount of loss he suffered in relation to the Quick & Reilly account.[5]

---

[5] In a subsequent letter filed by Plaintiff Schwartz (ECF No. 119) on April 20, 2022, Plaintiff Schwartz also takes issue with the fact that this Court referenced, in its Memorandum reaffirming default judgment (ECF No. 118), prior criminal proceedings involving Plaintiff Schwartz, despite the fact that these very same proceedings (and Plaintiff Schwartz's interactions with Judge Dalzell in relation to these proceedings) were a substantial focus of Plaintiff Schwartz's presentation of evidence at the Evidentiary Hearing. *See e.g.,* ECF No. 110 (showing that Judge Dalzell was mentioned by name over 45 times at the Evidentiary Hearing). The facts of the present case are related to this criminal matter, as this Court rightly pointed out in its Memorandum (ECF No. 116), and accordingly the Court did not err in stating that "[m]uch of the testimony presented at the Evidentiary Hearing in the present matter involved reference to this prior criminal matter. For further context, see the relevant docket, and, in particular, the

**A. Plaintiff Schwartz's Arguments as to the $145,000 Allegedly Transferred to Defendant Taylor Between April and June 2000 Do Not Establish Grounds for Reconsideration.**

First, in what the Court construes as a Rule 60(b)(1) argument, Plaintiff Schwartz asserts the Court erred by not crediting his testimony as to the amount of money Plaintiff Schwartz transferred to Defendant Taylor between April and June 2000. Specifically, Plaintiff Schwartz asserts that the Court erred in its finding that it could not determine with reasonable certainty the amount of money transferred to Defendant Taylor between April 2000 and June 2000 due to an inconsistency between Plaintiff Schwartz's testimony at the Evidentiary Hearing regarding transactions that occurred between April 2000 and June 2000 and the amount he claimed in damages related to these transactions. *See* ECF No. 118 at 2–4; *see also* ECF No. 116 at 21. Plaintiff Schwartz is misguided, however, as this Court made clear in its prior opinion that even accepting as true the amount of money Plaintiff Schwartz claimed he transferred to Defendant Taylor between April and June 2000, it would not be able to determine with reasonable certainty the amount of *loss* suffered by Plaintiff Schwartz because there is no credible evidence upon which the Court can determine with reasonable certainty how much of that money Defendant Taylor took from Plaintiff Schwartz for personal use. ECF No. 113 at 22–24. Thus, even completely crediting the specific factual assertion that Plaintiff Schwartz transferred $145,000 of

---

Sentencing Memorandum. *U.S. v. Schwartz*, 2:03-cr-00035 No. 378." *Id.* at 2 n.2. For the purposes of now providing full clarity to Plaintiff Schwartz, this Court explicitly notes that it did not rely on nor represent that it relied on Judge Dalzell's opinions set forth in the Sentencing Memorandum to make its factual determinations and legal conclusions as Plaintiff Schwartz speculates. Instead, as explained in this Court's prior Memorandum (ECF No. 116 at 2 n.2) this Court included the relevant reference to the prior criminal docket and Judge Dalzell's findings to provide context to the criminal proceedings Plaintiff Schwartz and his witnesses testified about at the Evidentiary Hearing.

his money to Defendant Taylor between April and June 2000, the Court's final determination regarding damages would not change.

Plaintiff Schwartz has also submitted a several documents in relation to what the Court construes as a Rule 60(b)(2) argument, that he claims he was unable to locate prior to the Evidentiary Hearing and that, according to him, prove he transferred the claimed $145,000 to Defendant Taylor between April 2000 and June 2000.[6] Plaintiff Schwartz also reasserts that the amount of money he transferred to Defendant Taylor is further proven by "Government Trial Exhibit 100," which he testified to at the Evidentiary Hearing.[7] The Court finds that not only is this evidence immaterial to proving the amount of *actual loss* suffered by Plaintiff Schwartz as it merely speaks to how much money he sent to Defendant Taylor, not how much money she allegedly took for personal use, but that in any case, the evidence cannot be properly considered under Rule 60(b)(2) as Plaintiff Schwartz has not established that this evidence could not have been discovered before the hearing through the exercise of reasonable diligence. *Singleton*, 839 F. App'x at 674 ("Rule 60(b)(2) provides for relief in the event of 'newly discovered evidence.' That standard requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial."). Specifically, Plaintiff Schwartz states

---

[6] This Court also notes that even if it were to consider the evidence, the wire transfer records provided list "BAMM INC" as the customer name and do, therefore, not by themselves support the claim that Plaintiff Schwartz, in his personal capacity, gave Defendant Taylor any of his personal money. ECF No. 118 Ex. A at 9–13. BAMM INC is one of the investment companies Plaintiff Schwartz operated in or around 1998 to 2000. ECF No. 27 ¶¶ 16, 23.

[7] Plaintiff Schwartz has diligently tried to locate trial Exhibit 100 but has been unable to do so. *See e.g.,* ECF No. 118. At the Evidentiary Hearing, this Court accepted Plaintiff Schwartz's proffer as to what Plaintiff Schwartz stated Trial Exhibit 100 contained. ECF No. 110 Tr. 76.

in his Motion for Reconsideration that he "spent three weeks searching multiple storage locations and documents that are mine and documents that are not mine…[and that] based on my review and re-review, I have located documents that were not where they were supposed to be. These documents evidence the very transactions that Judge Kenney found I was lying about. They also evidence I was not lying." ECF No. 118 at 3. Plaintiff Schwartz provides no explanation as to why he could not have located these documents prior to the Evidentiary Hearing, particularly, as he was able to locate them within three weeks after the hearing through a diligent search.[8] *Id.* Additionally, this Court emphasizes this evidence is immaterial to its final determination as crediting it fully would not enable it to determine any amount of damages with reasonable certainty. ECF No. 116 ¶ 23. While the amount of money Plaintiff Schwartz transferred to Defendant Taylor and the amount of money Defendant Taylor took from Plaintiff Schwartz for personal use are related, it is possible to fully credit and believe that Plaintiff Schwartz entrusted Defendant Taylor every single dollar he claims to have sent her, but to also find that there is no credible evidence upon which to determine how much, if any, of that money Defendant Taylor took for personal use. *Id.* And, in fact, that is exactly what this Court found. ECF No. 116 ¶¶ 23–24. Specifically, this Court found that it was facially implausible and unbelievable that Plaintiff Schwartz would continue to send Defendant Taylor large sums of money if she were taking that money for personal use and not following Plaintiff Schwartz's directions as to what to do with the money, and that accordingly, there was no credible evidence on which to determine the actual *amount* of damages with reasonable certainty. *Id.*

---

[8] On October 22, 2021 (approximately 102 days before the Evidentiary Hearing) Plaintiff Schwartz was given notice that the Evidentiary Hearing would take place on February 1, 2022. *See* ECF No. 103.

Finally, to the extent Plaintiff Schwartz's arguments as to the $145,000 constitute a Rule 60(b)(6) Motion, this Court finds Plaintiff has failed to set forth any facts to establish the necessary "extraordinary circumstances" to warrant reconsideration, as "[a] motion under Rule 60(b)(6) must be fully substantiated by adequate proof and its exceptional character must be clearly established." *Howard Int'l, Inc. v. Cupola Enterprises, LLC*, No. CIV.A. 01-1205 (DMC), 2006 WL 625210, at *1 (D.N.J. Mar. 10, 2006) (citing *FDIC v. Alker,* 234 F.2d 113, 116 (3d Cir.1956)); *see also United States v. Moya*, 118 F. App'x 666, 668 (3d Cir. 2005) ("a party seeking relief under [Federal Rule of Civil Procedure Rule 60] § (b)(6) must demonstrate "extraordinary circumstances" such that, absent relief, "an extreme and unexpected hardship would occur").

**B. Plaintiff Schwartz's Arguments as to the Amount of Loss Suffered in Relation to the Quick & Reilly Account Do Not Establish Grounds for Reconsideration.**

In his Motion for Reconsideration Plaintiff Schwartz argues that he is now in possession of documents related to the Quick & Reilly account that establish the amount of loss he suffered in relation to Defendant Taylor's "mishandling" of the account. ECF No. 118 at 4. Specifically, Plaintiff Schwartz submits a document he describes as "April Taylor Accounts Statement Quick & Reilly Account No. 126-21619-19. 4/30/99-5/28/99. Opening Balance 743,809.30. Closing Balance 168,3210.63 Evidencing Transactions AMAZON and YAHOO same day (including buy of 4000 shares of AMAZON FOR A TOTAL OF 794,744.92)." and "Spreadsheet created by Government mole, Jennifer Brennan, who was hired to organize discovery and transactions in response to Orders of the Honorable Nitza A. Quinones Alejandro, in state court evidence loss on the AMAZON transaction was $220,641.59 and loss on the YAHOO transaction was 98,800. Evidencing the Cedrone/Schwartz presentation to the Government was conservative for the two

10

losses combined were more than $318,000." ECF No. 118 at 4; *Id.* Ex. D. Plaintiff Schwartz also explains that he "located [these documents] where they were not supposed to be." *Id.* at 4.

Given the nature of these arguments, the Court construes this Motion as a 60(b)(2) Motion for Reconsideration on newly discovered evidence, however, due to Plaintiff Schwartz's failure to provide any explanation as to why this evidence could not have been located with due diligence prior to the hearing, this Court finds their present submission does not warrant granting the Motion for Reconsideration. Moreover, the Court finds that these documents are immaterial as they would not have enabled it to determine with reasonable certainty the amount of loss *caused* by Defendant Taylor to Plaintiff Schwartz. *Singleton*, 839 F. App'x at 674.

Finally, to the extent Plaintiff Schwartz's arguments as to the Quick & Reilly account constitute a Rule 60(b)(6) Motion, this Court finds Plaintiff has failed to set forth any facts to establish the necessary "extraordinary circumstances" to warrant reconsideration, as "[a] motion under Rule 60(b)(6) must be fully substantiated by adequate proof and its exceptional character must be clearly established." *Howard Int'l, Inc, LLC*, No. 2006 WL 625210, at *1 (citing *FDIC,* 234 F.2d at 116); *see also Moya*, 118 F. App'x at 668 ("a party seeking relief under [Rule 60] § (b)(6) must demonstrate "extraordinary circumstances" such that, absent relief, "an extreme and unexpected hardship would occur").

### III.   CONCLUSION

For the reasons set forth above this Court will **DENY** Plaintiff Schwartz's Motion for Reconsideration (ECF No. 118). An appropriate order follows.

> **BY THE COURT:**
>
> /s/ *Chad F. Kenney*
> _____
> **CHAD F. KENNEY, J.**