IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SCHWARTZ, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| | : | |
| v. | : | No. 17-3799 |
| | : | |
| | : | |
| APRIL TAYLOR, *et al.*, | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**Kenney, J.**                                                                                                                    **May 10, 2022**

On April 25, 2022, this Court denied a Motion for Reconsideration filed by Plaintiff Schwartz pursuant to Federal Rule of Civil Procedure 59(e)[1] that asked the Court to reconsider its grant of default judgment on behalf of Plaintiff Schwartz in the amount of $0.00. *See* ECF Nos. 116, 117, 118, 121, 122. In doing so, this Court (*see* ECF Nos. 121, 122), mistakenly found Plaintiff Schwartz's Rule 59(e) Motion untimely as it analyzed his Motion pursuant to the now outdated deadline of 10-days, rather than the current deadline of 28-days. *See* ECF No. 121, 122; *see also* Fed. R. Civ. P. 59(e). Rather than simply rejecting Plaintiff Schwartz's Motion as untimely, however, this Court considered it pursuant to the similar legal standard set forth in Federal Rule of Civil Procedure 60, in order to give Plaintiff Schwartz full access to the Courts particularly in light of his *pro se* status. *See generally* ECF No. 121. Upon notice of its mistake, this Court vacated its prior decision, and now considers Plaintiff Schwartz's Motion pursuant to

---

[1] Specifically, Plaintiff Schwartz filed a letter addressed to Chief Judge Sanchez asking for reconsideration of "Judge Kenney's entire Order, or so I propose the following final resolution of this matter as it relates to Ms. Taylor." ECF No. 118. In subsequent letters, also filed on the docket, (*see* ECF Nos. 119, 120) Plaintiff Schwartz refers to the April 18, 2022 letter (ECF No. 118) as a Rule 59(e) Motion. *See* ECF No. 120 at 1 ("It is my belief, I filed a timely Rule 59 (e) motion.").

Federal Rule of Civil Procedure 59(e). As set forth in more detail below and for many of the same reasons this Court found Plaintiff Schwartz's Motion fell short of the legal standard necessary to warrant reconsideration under Rule 60, this Court now finds that Plaintiff Schwartz's Motion for Reconsideration also fails under Rule 59(e). Additionally, as noted in its prior Memorandum (ECF No. 121), much of Plaintiff Schwartz's argument for reconsideration hinges on a fundamental misunderstanding of this Court's prior decision (*see* ECF No. 116).

Accordingly, the Court will deny Plaintiff Schwartz's Motion (ECF No. 118).

I. **LEGAL STANDARD**

Plaintiff Schwartz categorizes his Motion for Reconsideration as a 59(e) Motion (*see* ECF No. 119 at 1; *see also* ECF No. 20). Under the Federal Rules of Civil Procedure a motion to alter or amend a judgment can be brought under Rule 59(e) within 28 days after the entry of judgment. In the present case, Plaintiff Schwartz filed his Motion for Reconsideration on April 18, 2022, approximately 28 days after default judgment had been entered on his behalf on March 21, 2022. *See* ECF Nos. 117, 118.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence," and a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not previously available]; or (3) the need to correct clear error of law or prevent manifest injustice." *Nunez v. McCool*, No. 21-3321, 2022 WL 1315087, at *3 (3d Cir. May 3, 2022) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)); *Sajudin v. Stroudsburg Area Sch. Dist.*, No. 21-CV-01743-RAL, 2022 WL 866413, at *1 (E.D. Pa. Mar. 23, 2022) ("a district court will only grant a party's motion for reconsideration in one of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in

controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice") (citing *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D. Pa. 1994) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

A "motion for reconsideration may not be used as a means to argue new facts or issues that were not presented to the court in the context of the matter previously decided," *Worbetz v. Ward North America, Inc.*, 54 F. App'x 526, 533 (3d Cir. 2002), nor should it "be used as a means to reargue matters already argued and disposed of...." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

## II.     DISCUSSION

Upon careful consideration of Plaintiff Schwartz's Motion, this Court finds that Plaintiff Schwartz has failed to meet the necessary legal standard to warrant reconsideration under Rule 59(e). *See generally* ECF No. 116.

A full breakdown of Plaintiff Schwartz's claimed damages is provided in this Court's previous Memorandum (ECF No. 116 at 4–13) accompanying its Order Granting Default Judgment (ECF No. 117), however, for purposes of the issues raised in Plaintiff Schwartz's present Motion for Reconsideration the Court finds the following damages allegations relevant.

In addition to various other damages claimed by Plaintiff Schwartz, Plaintiff Schwartz maintained that between April 2000 and June 2000 he entrusted Defendant Taylor with $145,000 which she stole. ECF No. 110 Tr. 42:3–5.  According to the testimony presented by Plaintiff Schwartz and his mother, Ms. Eileen Schwartz, at the Evidentiary Hearing, Defendant Taylor was supposed to use that money to place sports bets in Las Vegas at Plaintiff Schwartz's direction, but instead, she absconded with the $145,000 and took it for personal use. *See Id.* Tr.

40:22–25, 63:17–18, 73:2–10, 78:10–12. Separately, Plaintiff Schwartz claimed that Defendant Taylor caused him to lose $250,000 in relation to an alleged broker error involving money he had deposited into a Quick & Reilly account in Defendant Taylor's name. *Id.* Tr. 69:18–70:8.

Plaintiff Schwartz's present Motion focuses primarily on (1) submitting supplemental evidence and re-arguing that he transferred $145,000 to Defendant Taylor between April and June 2000; and (2) submitting evidence and re-arguing the amount of loss he suffered in relation to the Quick & Reilly account.[2]

### A. Plaintiff Schwartz's Arguments as to the $145,000 Allegedly Transferred to Defendant Taylor Between April and June 2000 Do Not Establish Grounds for Reconsideration Pursuant to Rule 59(e).

First, Plaintiff Schwartz asserts the Court erred by not crediting his testimony as to the amount of money Plaintiff Schwartz transferred to Defendant Taylor between April and June 2000. Specifically, Plaintiff Schwartz asserts that the Court erred in its finding that it could not determine with reasonable certainty the amount of money transferred to Defendant Taylor

---

[2] In a subsequent letter filed by Plaintiff Schwartz (ECF No. 119) on April 20, 2022, Plaintiff Schwartz also takes issue with the fact that this Court referenced, in its Memorandum reaffirming default judgment (ECF No. 118), prior criminal proceedings involving Plaintiff Schwartz, despite the fact that these very same proceedings (and Plaintiff Schwartz's interactions with Judge Dalzell in relation to these proceedings) were a substantial focus of Plaintiff Schwartz's presentation of evidence at the Evidentiary Hearing. *See e.g.,* ECF No. 110 (showing that Judge Dalzell was mentioned by name over 45 times at the Evidentiary Hearing). The facts of the present case are related to this criminal matter, as this Court rightly pointed out in its Memorandum (ECF No. 116), and accordingly the Court did not err in stating that "[m]uch of the testimony presented at the Evidentiary Hearing in the present matter involved reference to this prior criminal matter. For further context, see the relevant docket, and, in particular, the Sentencing Memorandum. *U.S. v. Schwartz*, 2:03-cr-00035 No. 378." *Id.* at 2 n.2. For the purposes of now providing full clarity to Plaintiff Schwartz, this Court explicitly notes that it did not rely on nor represent that it relied on Judge Dalzell's opinions set forth in the Sentencing Memorandum to make its factual determinations and legal conclusions as Plaintiff Schwartz speculates. Instead, as explained in this Court's prior Memorandum (ECF No. 116 at 2 n.2) this Court included the relevant reference to the prior criminal docket and Judge Dalzell's findings to provide context to the criminal proceedings Plaintiff Schwartz and his witnesses testified about at the Evidentiary Hearing.

between April 2000 and June 2000 due to an inconsistency between Plaintiff Schwartz's testimony at the Evidentiary Hearing regarding transactions that occurred between April 2000 and June 2000 and the amount he claimed in damages related to these transactions. *See* ECF No. 118 at 2–4; *see also* ECF No. 116 at 21. Plaintiff Schwartz's disagreement regarding the Court's credibility determination is not the type of "clear error" Rule 59(e) is intended to address. *See Grimsley v. Manitowoc Co., Inc.*, No. 1:15-CV-01275, 2016 WL 11710066, at *2 (M.D. Pa. Jan. 4, 2016) ("[i]n regard to the third ground of a motion for reconsideration, a mere point of disagreement between a court and a litigant will not constitute clear error or manifest injustice… [i]nstead, a court's judgment must be 'dead wrong.' ")(internal citations and quotations omitted).

      In any case, even assuming the Court's credibility findings were in "clear error," Plaintiff Schwartz's argument fails, as this disagreement is immaterial to the Court's final decision. As this Court made clear in its prior opinion, even accepting as true the amount of money Plaintiff Schwartz claimed he transferred to Defendant Taylor between April and June 2000, it would not be able to determine with reasonable certainty the amount of *loss* suffered by Plaintiff Schwartz because there is no credible evidence upon which the Court can determine with reasonable certainty how much of that money Defendant Taylor took from Plaintiff Schwartz for personal use. ECF No. 113 at 22–24. Thus, even completely crediting the specific factual assertion that Plaintiff Schwartz transferred $145,000 of his money to Defendant Taylor between April and June 2000, the Court's final determination regarding damages would not change.

      Plaintiff Schwartz has also submitted a several documents that he claims he was unable to locate prior to the Evidentiary Hearing and that, according to him, prove he transferred the

5

claimed $145,000 to Defendant Taylor between April 2000 and June 2000.[3] Plaintiff Schwartz also reasserts that the amount of money he transferred to Defendant Taylor is further proven by "Government Trial Exhibit 100," which he testified to at the Evidentiary Hearing.[4] The Court finds that not only is this evidence immaterial to proving the amount of *actual loss* suffered by Plaintiff Schwartz as it merely speaks to how much money he sent to Defendant Taylor, not how much money she allegedly took for personal use, but that in any case, the evidence cannot be properly considered under Rule 59(e) as "new evidence," as Plaintiff Schwartz has not established that this evidence is could not have been discovered before the hearing through the exercise of reasonable diligence. Plaintiff Schwartz provides no explanation as to why he could not have located these documents prior to the Evidentiary Hearing, particularly, as he was able to locate them within three weeks after the hearing through a diligent search.[5] *Id.*

Additionally, this Court emphasizes this evidence is immaterial to its final determination as crediting it fully would not enable it to determine any *amount* of damages with reasonable certainty. ECF No. 116 ¶ 23. While the amount of money Plaintiff Schwartz transferred to Defendant Taylor and the amount of money Defendant Taylor took from Plaintiff Schwartz for personal use are related, it is possible to fully credit and believe that Plaintiff Schwartz entrusted

---

[3] This Court also notes that even if it were to consider the evidence, the wire transfer records provided list "BAMM INC" as the customer name and do, therefore, not by themselves support the claim that Plaintiff Schwartz, in his personal capacity, gave Defendant Taylor any of his personal money. ECF No. 118 Ex. A at 9–13. BAMM INC is one of the investment companies Plaintiff Schwartz operated in or around 1998 to 2000. ECF No. 27 ¶¶ 16, 23.

[4] Plaintiff Schwartz has diligently tried to locate trial Exhibit 100 but has been unable to do so. *See e.g.,* ECF No. 118. At the Evidentiary Hearing, this Court accepted Plaintiff Schwartz's proffer as to what Plaintiff Schwartz stated Trial Exhibit 100 contained. ECF No. 110 Tr. 76.

[5] On October 22, 2021 (approximately 102 days before the Evidentiary Hearing) Plaintiff Schwartz was given notice that the Evidentiary Hearing would take place on February 1, 2022. *See* ECF No. 103.

Defendant Taylor every single dollar he claims to have sent her, but to also find that there is no credible evidence upon which to determine how much, if any, of that money Defendant Taylor took for personal use. *Id.* That is exactly what this Court explained its prior decision. ECF No. 116 ¶¶ 23–24 . Specifically, this Court found that it was facially implausible and unbelievable that Plaintiff Schwartz would continue to send Defendant Taylor large sums of money if she were taking that money for personal use and not following Plaintiff Schwartz's directions as to what to do with the money, and that accordingly, there was no credible evidence on which to determine the actual *amount* of damages with reasonable certainty. *Id.*

### B. Plaintiff Schwartz's Arguments as to the Amount of Loss Suffered in Relation to the Quick & Reilly Account Do Not Establish Grounds for Reconsideration Pursuant to Rule 59(e).

Plaintiff Schwartz also argues that he is now in possession of documents related to the Quick & Reilly account that establish the amount of loss he suffered in relation to Defendant Taylor's "mishandling" of the account. ECF No. 118 at 4. Specifically, Plaintiff Schwartz submits a document he describes as "April Taylor Accounts Statement Quick & Reilly Account No. 126-21619-19. 4/30/99-5/28/99. Opening Balance 743,809.30. Closing Balance 168,3210.63 Evidencing Transactions AMAZON and YAHOO same day (including buy of 4000 shares of AMAZON FOR A TOTAL OF 794,744.92)." and "Spreadsheet created by Government mole, Jennifer Brennan, who was hired to organize discovery and transactions in response to Orders of the Honorable Nitza A. Quinones Alejandro, in state court evidence loss on the AMAZON transaction was $220,641.59 and loss on the YAHOO transaction was 98,800. Evidencing the Cedrone/Schwartz presentation to the Government was conservative for the two losses combined were more than $318,000." ECF No. 118 at 4; *Id.* Ex. D. Plaintiff Schwartz also explains that he "located [these documents] where they were not supposed to be." *Id.* at 4.

7

Given the nature of these arguments, the Court construes Plaintiff Schwartz as arguing reconsideration is granted on the basis of the availability of new evidence, however, due to Plaintiff Schwartz's failure to provide any explanation as to why this evidence could not have been located with due diligence prior to the hearing, this Court finds their present submission does not warrant granting of 59(e) Motion. Moreover, the Court finds that these documents are immaterial as they would not have enabled it to determine with reasonable certainty the amount of loss *caused* by Defendant Taylor to Plaintiff Schwartz.

## CONCLUSION

For the reasons set forth above this Court will **DENY** Plaintiff Schwartz's Motion for Reconsideration (ECF No. 118). An appropriate order follows.

BY THE COURT:

/s/ *Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**